UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

VIVIAN AND LEONARD JUDELSON, as
Trustees of the VIVIAN JUDELSON
REVOCABLE TRUST DATED 10/9/95,
and VIVIAN S. JUDELSON CONTRIBUTORY
IRA, Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN D. PICKENS,

                Defendants.
------------------------------------------------------------- X

ECF Case

Civil Action No. 07-7972

[additional captions on page following cover sheet]

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
PAUL BERGER'S MOTION: (i) TO CONSOLIDATE ALL
RELATED CASES PURSUANT TO FED. R. CIV. P. 42; (ii) TO BE
APPOINTED LEAD PLAINTIFF; AND (iii) APPROVING THE SELECTION
OF THE FIRM ABRAHAM, FRUCHTER & TWERSKY, LLP AS LEAD COUNSEL**

Jeffrey S. Abraham (JA-2946)
Lawrence D. Levit (LL-9507)
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
One Penn Plaza, Suite 2805
New York, New York 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

------------------------------------------------------------ X

HENRY NELSON, Individually and On Behalf
of All Others Similarly Situated,

                        Plaintiff,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN DAVIS PICKENS,

                        Defendants.

Civil Action No. 07-08438

------------------------------------------------------------ X

PAUL BERGER, Individually and On Behalf
of All Others Similarly Situated,

                        Plaintiffs,

vs.

TARRAGON CORPORATION, WILLIAM S.
FRIEDMAN, ROBERT P. ROTHENBERG
and ERIN D. PICKENS,

                        Defendants.

Civil Action No. 07-8689

------------------------------------------------------------ X

Plaintiff Paul Berger respectfully submits this memorandum of law in support of his motion: (i) to consolidate all related cases pursuant to Fed. R. Civ. P. 42(a); (ii) to be appointed lead plaintiff; and (iii) to approve the selection of the firm of Abraham, Fruchter & Twersky, LLP as lead counsel.

## SUMMARY OF ACTIONS

These actions are brought on behalf of all persons who purchased the common stock of Tarragon Corporation ("Tarragon" or the "Company") between January 5, 2005 and August 9, 2007 (the "Class Period"). Complaint ¶1.[1] Tarragon as well as its senior executive officers William S. Friedman, Robert P. Rothenberg and Erin D. Pickens are named as defendants. Complaint ¶¶8-10.

Tarragon is a real estate developer and homebuilder. Complaint ¶¶2, 7. The Company also engages other real estate services such as property management. Complaint ¶11. Tarragon, through press releases and filings made with the Securities and Exchange Commission (the "SEC") regularly reported its financial condition and results of operations to members of the investing public. *E.g.*, Complaint ¶¶12, 14, 17-26.

These public statements, however, were materially false or misleading. In truth and in fact, Defendants failed to disclose that in violation of Generally Accepted Accounting Principles ("GAAP") the Company had: (1) failed to consolidate an unprofitable operating subsidiary; (2) failed to timely take property impairment charges; and (3) failed to properly describe and account for its cash flows as operating, investment and financing activities. Complaint ¶¶27, 35. *See*

---

[1]   The use of the term Complaint in this brief refers to the Class Action Complaint filed in *Berger v. Tarragon Corp., et al.*, 07 CV 8689 (S.D.N.Y.).

*also* Complaint ¶66.

On April 2, 2007, the Company disclosed in a Form 8-K filed with the SEC that it needed to reclassify certain previously reported statements of cash flows among operating, investing and financing activities and that the previous statements of cash flow should not be relied upon. Complaint ¶36. On July 17, 2007, an article on the *Bloomberg* wire service disclosed that Tarragon had improperly left off its balance sheet a 90 percent-owned partnership, the rest of which was owned mainly by other corporate insiders. Complaint ¶40. On August 9, 2007, the Company issued a press release disclosing that Tarragon expected to record significant impairment charges based upon the need to sell certain properties and that it was not in compliance with certain financial covenants relating to its outstanding debt. Complaint ¶43.

The disclosure of these material facts caused the price of Tarragon common stock to decline precipitously. Complaint ¶¶41, 44. Plaintiff and other members of the Class purchased Tarragon stock during the Class Period. Complaint ¶¶6, 77.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Rule 42(a) grants the Court discretion to consolidate "actions involving a common question of law or fact." The Court has broad discretion under this rule to consolidate cases pending within this District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In addition, the federal securities laws dictate that consolidation should occur where, as here, more than one action asserts "substantially the same claim." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The actions need not be identical before they may be consolidated. *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (differing class periods and different defendants do not

prevent consolidation).

Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g., Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports.") (internal quotations omitted). Any minor differences in asserted claims will not prevent consolidation. *See, e.g., Kaplan*, 240 F.R.D. at 91 (finding that different class periods and different defendants will not prevent consolidation).

Here, the actions filed against Tarragon and its senior executives involve the same scheme to defraud, are predicated on the same false and misleading statements and omissions that caused the Company's stock price to be artificially inflated, and present common questions of fact. Given the overlapping facts and common defendants among the cases, consolidation is not only appropriate, but will also conserve judicial resources and promote the efficient prosecution of these actions. *Kaplan*, 240 F.R.D. at 92. Any differences among the complaints can and will be resolved after the Court appoints the lead plaintiff and he files a consolidated complaint.

## II. THE FEDERAL SECURITIES LAWS REQUIRE THAT THE MOST ADEQUATE PLAINTIFF BE APPOINTED LEAD PLAINTIFF FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Exchange Act by enacting the Private Securities Litigation Reform Act of 1995 ("PSLRA" or the "Act"). Specifically, Section

21D(a)(3) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. §78u-4(a)(3).

On September 11, 2007, a notice to was published on the Business Wire concerning the filing of the first class action which is the subject of this motion. *See* Exhibit A to the Affidavit of Jeffrey S. Abraham ("Abraham Affidavit"). The notice advised members of the purported class of the pendency of the action, the claims asserted and the purported class period. As a result, the notice satisfied all the requirements of the PSLRA. *See generally, Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

    (aa)    has either filed the complaint or made a motion in the response to a notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

That presumption may only be rebutted in the very limited circumstances by proof by a member of the purported class that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; and
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

See 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

## II. PLAINTIFF PAUL BERGER IS THE MOST ADEQUATE PERSON TO SERVE AS LEAD PLAINTIFF FOR THE CLASS HE SEEKS TO REPRESENT

Plaintiff Paul Berger believes that he has suffered the largest recoverable losses to date of any member or group of members of the Class who have filed a complaint or expressed a desire to serve as a lead plaintiff in this action. Therefore, Mr. Berger brings this motion for the purpose of securing his appointment as lead plaintiff in this action and to obtain approval of his choice of lead counsel.

### A. Mr. Berger has Filed A Complaint

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). Here, Paul Berger filed one of the Complaints which is the subject of the pending motion. As such, Mr. Berger satisfies the first prong of the most adequate plaintiff test.

### B. Mr. Berger Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of

those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Mr. Berger has damages of $56,386.82 from his investments in Tarragon common stock (*see* Abraham Affidavit, Ex. B), which he believes to be the largest financial interest in the recovery being sought in this action.

Therefore, plaintiff satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to its provisions.

### C. Mr. Berger Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. As detailed below, plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of

those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted).

Mr. Berger satisfies this requirement because, just like all other members of the Class, he purchased shares of Tarragon common stock during the Class Period. Thus, Mr. Berger's claims are typical of those of other Class members since his claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. In this Circuit adequacy depends on: (1) whether the named Plaintiff and his counsel have any conflicts of interest with other class members; (2) whether class counsel is qualified and experienced; and (3) whether the named plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *Kaplan*, 240 F.R.D. at 94.

Here, Mr. Berger has no conflict with the interests of the Class. He wants to obtain the maximum recovery for the Class so as to maximize his pro rata share of that recovery. Mr.

Berger and his counsel have also demonstrated that they will prosecute the claims of the Class vigorously by having acted to file a complaint asserting claims on behalf of the Class. Thus, Mr. Berger satisfies the adequacy requirements of Rule 23.

### III. THE COURT SHOULD APPROVE THE APPLICANT'S CHOICE OF COUNSEL

The Exchange Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In that regard, Mr. Berger has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel Abraham, Fruchter & Twersky, LLP has the commitment and ability to accomplish the required tasks since it has extensive experience and is highly competent in prosecuting similar actions. *See* Abraham Aff. Exhibit C.

### CONCLUSION

In light of the foregoing, plaintiff respectfully requests that the Court: (i) consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Paul Berger as lead plaintiff in this action; and (iii) approve the selection of Abraham, Fruchter & Twersky, LLP as lead counsel.

Dated: November 13, 2007

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

*/s/ Jeffrey S. Abraham*

Jeffrey S. Abraham (JA-2946)
Lawrence D. Levit (LL-9507)
One Penn Plaza, Suite 2805
New York, New York 10165
Telephone: (212) 279-5050
Fax: (212) 279-3655

**Proposed Lead Counsel for Plaintiffs**

- 8 -