# EXHIBIT A

Copyright 2007 Business Wire, Inc.
Business Wire

September 11, 2007 Tuesday 9:06 PM GMT

**DISTRIBUTION:** Business Editors; Financial Analysts

**LENGTH:** 754 words

**HEADLINE:** Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit Against Tarragon Corporation

**DATELINE:** SAN DIEGO

**BODY:**

Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") (http://www.csgrr.com/cases/tarragon/) today announced that a class action has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of Tarragon Corporation ("Tarragon") (NASDAQ:TARR) common stock during the period between January 5, 2005 and August 9, 2007 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Darren Robbins of Coughlin Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com If you are a member of this class, you can view a copy of the complaint as filed or join this class action online athttp://www.csgrr.com/cases/tarragon/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges Tarragon and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Tarragon is a homebuilder and real estate developer.

The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, Tarragon stock traded at artificially inflated prices during the Class Period, reaching a high of $26.76 per share on July 22, 2005.

Then, on August 9, 2007, at noon Eastern Time, the Company issued a press release announcing that the filing of its Form 10-Q for the quarter ended June 30, 2007 would be delayed in order to provide additional time for the Company to finalize its evaluation of property impairment charges and other write-downs necessitated by its recent decision to sell certain properties under current adverse market conditions. The impairment charges were expected to be in excess of $125 million. On this news, Tarragon's stock collapsed $1.88 per share to close at $0.94 per share, a decline of 67% on volume of 18 million shares.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company had failed to consolidate an unprofitable variable interest entity into its consolidated financial statements; (b) the Company had failed to properly account for its statement of cash flows by failing to properly classify its cash inflows and cash outflows as operating, investing and financing activities; (c) the Company had failed to timely take property impairment charges and other write downs; (d) due to the deterioration in the real estate credit markets, the Company was experiencing liquidity issues due to its inability to obtain loan modifications and additional financing and there was serious doubt about Tarragon's ability to continue as a going concern; (e) as the Company was experiencing a massive downturn in its business, Tarragon would not be able to remain in full compliance with all of its debt covenants; and (f) given the increased volatility in the homebuilding industry and the real estate credit markets, the Company had no reasonable basis to make projections about its 2007 results, and as a result, the Company's projections issued during the Class Period about its 2007 results were at a minimum reckless.

Plaintiff seeks to recover damages on behalf of all purchasers of Tarragon common stock during the Class Period (the "Class"). The plaintiff is represented by Coughlin Stoia, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Coughlin Stoia, a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston and Philadelphia, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Coughlin Stoia lawyers have been responsible for more than $45 billion in aggregate recoveries. The Coughlin Stoia Web site (http://www.csgrr.com) has more information about the firm.

CONTACT: Coughlin Stoia Geller Rudman & Robbins LLP
Darren Robbins, 800-449-4900 or 619-231-1058
djr@csgrr.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** September 12, 2007

# EXHIBIT B

## CERTIFICATION OF PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

Paul Berger, hereby certifies that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed the attached Class Action Complaint filed with respect to Tarragon Corporation ("Tarragon") and have authorized counsel to file a similar complaint or to otherwise add my name as a lead plaintiff in these proceedings.

2. I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial if necessary.

4. To the best of my knowledge, the following are my transactions in Tarragon common stock during the period from January 5, 2005, through and including August 9, 2007, as set forth in Exhibit A hereto.

5. Within the last three years, I have not sought to be a class representative in the following cases brought pursuant to the federal securities laws. I did file an action, Berger v. Alvarion, Ltd, et al., 07 CV 1007 (S.D.N.Y.) which I subsequently voluntarily dismissed after the action was transferred to the U.S. District Court for the Northern District of California and I was not appointed a lead plaintiff in the action.

6. I will not accept any payment for serving as class representative on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

Signed under the penalties of perjury this 6TH day of October, 2007.

*Paul Berger*
Paul Berger

## EXHIBIT A

| DATE | NUMBER OF SHARES | TOTAL | PER SHARE |
|---|---|---|---|
| **Purchases** | | | |
| 28-Feb-05 | 1,000 | 21,389.95 | 21.39 |
| 22-Mar-05 | 1,000 | 21,609.95 | 21.61 |
| 11-May-05 | 1,000 | 23,209.95 | 23.21 |
| 11-May-05 | 2,000 | 46,609.95 | 23.30 |
| 11-May-05 | 1,000 | 22,759.95 | 22.76 |
| 28-Jun-05 | 1,000 | 24,509.95 | 24.51 |
| 28-Jun-05 | 1,000 | 24,709.95 | 24.71 |
| 15-Jul-05 | 1,000 | 24,009.95 | 24.01 |
| 15-Jul-05 | 1,000 | 24,329.95 | 24.33 |
| 19-Jul-05 | 1,000 | 26,859.95 | 26.86 |
| 27-Jul-05 | 500 | 13,109.95 | 26.22 |
| 02-Aug-05 | 1,000 | 24,839.95 | 24.84 |
| 08-Aug-05 | 1,000 | 23,499.95 | 23.50 |
| 09-Sep-05 | 500 | 10,684.95 | 21.37 |
| **Sales** | | | |
| 10-Mar-05 | (1,000) | (22,189.31) | 22.19 |
| 11-May-05 | (100) | (2,294.95) | 22.95 |
| 28-Jun-05 | (5,900) | (144,538.09) | 24.50 |
| 22-Jul-05 | (2,000) | (53,027.84) | 26.51 |
| 19-May-06 | (2,000) | (32,509.05) | 16.25 |
| 11-Dec-06 | (1,500) | (18,218.24) | 12.15 |

# EXHIBIT C

## Firm Resume

## ABRAHAM, FRUCHTER & TWERSKY, LLP

Abraham, Fruchter & Twersky, LLP ("AF&T" or the "Firm") was formed in March 2004 through combining the firms of Abraham & Associates and Fruchter & Twersky LLP. AF&T is a boutique law firm specializing in securities and shareholder litigation and has been actively involved in the successful prosecution of such cases throughout the United States. In the most recent survey of class action law firms conducted by Institutional Shareholder Services, AF&T was ranked number 23 by the total dollar amount of final securities class action settlements.

The actions in which AF&T or the predecessor firms have served as lead counsel or as a member of an executive committee of plaintiffs' counsel include:

- *Levy v. Southbrook International Investments, Ltd., et al.*, 99 CV 1479 (JSM) (S.D.N.Y.), in which settlements totaling $20 million, the largest known cash recovery at the time for claims arising under Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)") since the statute was first enacted in 1934, were approved by Judge John S. Martin, Jr. In approving the settlement, Judge Martin, noted that "the shareholders of Illinois Semiconductor Company received a $20,000,000.00 benefit as the sole result of the diligence and sagacity of Plaintiff's counsel." *Id.* 2001 U.S. Dist. LEXIS 7097 at *20 (S.D.N.Y. May 31, 2001);

- *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-CV-0870-BEN (RBB) (S.D. Cal) is an ongoing action for violations of the federal securities laws. Abraham Fruchter was appointed as co-lead counsel for a class alleging violations of Section 11 of the Securities Act of 1933. In November 2006, the court approved a partial settlement of the action, in which a recovery of approximately $58 million was obtained;

- *Levy v. Office Depot, Inc.*, 01-8259-CIV (S.D. Fla.), was a Section 16(b) action settled for $9.4 million in cash following plaintiff's successful appeal to the United States District Court of Appeals for the Eleventh Circuit of the District Court's following the dismissal of the action on a summary judgment motion and the subsequent remand of the action to the District Court for trial;

- *Lawrence v. Gouldd, et al.*, CV-S-99-969 JBR (RLH) (D. Nev.), was a class action brought pursuant to Section 12 of the Securities Act of 1933 and the Nevada Deceptive Business Practices Act for the alleged operation of a pyramid scheme. The case settled two weeks into trial for proceeds, based upon the estimated liquidation value of defendants' assets, of approximately $30 million;

- *In re CFSBDirect Tracking Stock Shareholder Litigation*, C.A. No. 18307 (Del. Ch.), was a class action for breach of fiduciary duties which achieved a $36.4 million or 50% increase in the price offered by a controlling shareholder in a tender offer;

- *In re Bank of New York Corporate Derivative Litigation*, Index No. 99/604465 (Sup Ct. N.Y. County), was a shareholder derivative action brought on behalf of the Bank of New York with respect to damage allegedly caused to the company by the failure to implement proper procedures to safeguard against unlawful money laundering, which was settled for $26.5 million in cash and substantial remedial measures designed to strengthen the Bank of New York's internal controls and corporate governance procedures and prevent a future occurrence of similar wrongful activities;

- *Rosenberg v. Delta Air Lines, Inc.*, C.A. No. 00-461-JJF (D. Del.), was an action brought against Delta Air Lines on behalf of Priceline.com for violating the insider trading

provisions of Section 16(b) and was settled for changes in contractual terms governing various business relationships valued at more than $38 million;

- *In re Ugly Duckling Corp. Shareholders' Derivative and Class Litigation*, C.A. No. 18746 (Del. Ch.), was a consolidated shareholder derivative and class action which settled for a $9 million increase in the price of a proposed tender offer made by a controlling shareholder;

- *In re: Dreyfus Aggressive Growth Mutual Fund Litigation*, 98 CV 4318 (HB) (S.D.N.Y.), was a class action brought on behalf of purchasers of two mutual funds for damages arising from misleading statements made in the offering prospectuses, which settled for $18.5 million in cash;

- *In re Global Crossing Ltd. Securities Litigation*, Case No. 02 Civ. 910 (GEL) (S.D.N.Y.), in which the Firm acted as co-lead counsel for a sub-class consisting of all purchasers of Asia Global Crossing securities and achieved recoveries totaling more than $20,000,000 for the Asia Global investors representing a substantial premium to the recovery achieved by ordinary Global Crossing investors; and

- *Levy, derivatively on behalf of Marketing Services Group, Inc. v. GeneralElectric Capital Corp.*, 99 Civ. 10560 (AKH) (S.D.N.Y.), was an action arising under Section 16(b) which was settled for $1,250,000, or more than 45% of recoverable damages.

Many of the actions the Firm litigates involve issues of first impression. On December 19, 2002, the United States Court of Appeals for the Third Circuit resolved certain issues of first impression relating to the scope and interpretation of Rule 16b-3 and Rule 16b-7 of the Securities Exchange Act of 1934 [17 C.F.R. §§240.16b-3 and 240.16b-7] promulgated by the Securities and

Exchange Commission ("SEC") consistent with the position advocated by the Firm. *Levy v. Sterling Holding Company,*, 314 F.3d 106 (3rd Cir. 2002). The decision is especially noteworthy because on April 30, 2003, the Third Circuit denied defendants' petition for rehearing *en banc* by a 7-3 vote despite the fact that the SEC joined defendants as an *amicus* in their petition for rehearing.

In another action arising under Section 16(b), on August 7, 2000, the United States Court of Appeals for the Second Circuit, held that for purposes of Section 16(b), a person can be the beneficial owner of an issuer's stock owned by another publicly traded corporation. This decision in *Feder v. Frost*, 220 F.3d 29 (2d Cir. 2000), effectively overruled more than ten years of controlling case law previously articulated by the Second Circuit in *Mayer v. Chesapeake Insurance Co.*, 877 F.2d 1154 (2d Cir. 1989).

Similarly, on November 15, 1999, the New York State's Second Appellate Department, in an issue of first impression, held that New York Real Property Law §274a prohibits mortgagors from charging mortgagees (i.e., consumers) a fax fee in connection with providing mortgage related documents and that mortgagees have an implied private right of action to recover any such fees paid. The decision was "Decision of the Day" in the November 19, 1999, edition of *The New York Law Journal* and is reported as *Negrin v. Norwest Mortgage, Inc.*, 163 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999).

*Jeffrey S. Abraham* is a 1987 graduate of the Columbia University School of Law and is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Colorado; and the United States Court of Appeals for the Second, Third, Fourth, Seventh,

Ninth, Tenth and Eleventh Circuits.

*Jack G. Fruchter* is a 1992 *cum laude* graduate of the Benjamin N. Cardozo School of Law and was admitted to bar of New York State in 1993, New York and is admitted to practice in the U.S. District Courts, Southern and Eastern District of New York and the Court of Appeals for the Third Circuit. Prior to establishing his own practice, Mr. Fruchter was employed in the enforcement division of the U.S. Securities and Exchange Commission and as an associate at a large New York City law firm.

*Mitchell M.Z. Twersky* is a 1991 graduate of the Georgetown University School of Law. Mr. Twersky was admitted to the bar of New York State in 1992 and is also admitted to practice before the U.S. District Courts, Southern and Eastern District of New York and the Courts of Appeals for the Second, Third and Seventh Circuits; Supreme Court of the United States of America. Prior to establishing his own practice, Mr, Twersky was associated with a medium sized New York City law firm specializing in commercial litigation.